# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 1:14-cr-00704 |
| v. | ) Judge John W. Darrah |
| DAVID JACOB NEWMAN, | ) |
| Defendant. | ) |

## PROTECTIVE ORDER GOVERNING
## WH TRADING LLC SUBPOENA DOCUMENT PRODUCTION

By agreement of the parties, WH Trading LLC ("WH Trading") and defendant David Newman ("defendant"), pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. §§ 1835, 3771(a)(1) and (8), it is hereby ORDERED:

WHEREAS the defendant seeks certain materials from WH Trading pursuant to Rule 17 of the Federal Rules of Criminal Procedure ("WH Trading Materials");

WHEREAS WH Trading seeks to protect its confidential, sensitive, proprietary, and trade secret information;

WHEREAS defendant's preparation of his defense will be facilitated by the most expeditious production of the WH Trading Materials;

WHEREAS WH Trading recognizes its obligation to provide certain materials pursuant to Rule 17 of the Federal Rules of Criminal Procedure in the most expeditious manner possible, consistent with its confidentiality interests in its trade secret and other confidential and sensitive information;

WHEREAS production of the WH Trading Materials, which in this case involves, among other items, paper, electronic, and graphic materials of a very confidential and sensitive

nature, would be substantially delayed if WH Trading were compelled to seek a protective order modifying, withholding or delaying production of each particular item of the WH Trading Materials, as WH Trading would be required to do absent a generally applicable protective order restricting further dissemination of the WH Trading Materials by the defense;[1]

IT IS HEREBY ORDERED that:

1. WH Trading will make available for inspection and review all WH Trading Materials to the extent it has been located after a reasonable search of its materials in its possession and: (a) WH Trading has not moved to quash a particular defendant request, or (b) the Court has denied a WH Trading motion to quash a particular request.

2. To the extent the WH Trading Materials contain items of a confidential and/or sensitive nature, including items deemed to be confidential, proprietary, and/or trade secrets by WH Trading including, but not limited to: (a) algorithms, (b) data and information derived from or constituting parts of algorithms, (c) computer source code, (d) profit and loss information relating to WH Trading, (e) information regarding historical trades made by WH Trading, (f) portfolio holdings and positions, (g) employment and recruiting processes and strategies, (h) the compensation, skill-set and experience of personnel, (i) trading techniques and strategies, including automated trading strategies, (j) quantitative analytics and models used to evaluate financial instruments, options positions and markets, (k) custom computer or electronic systems (including the proprietary system architectures), and (l) business and investment strategies, processes, and methods (hereinafter referred to as "Sensitive WH Trading Material"). Defendant's counsel may challenge the designation of materials as Sensitive WH

---

[1] Defendant's agreement to and entering into this Protective Order is not an admission that the materials he is alleged to have taken are trade secrets as they relate to the charges in the indictment in this case.

Trading Material by raising the issue with WH Trading or, if the parties cannot agree about the designation, by filing a motion raising the issue with the Court. To the extent that Sensitive WH Trading Material and non-sensitive WH Trading Materials are commingled on the same electronic storage device, (*e.g.*, a hard drive) or the same document, and WH Trading is unable to separate the two, then the entire storage device or document will be made available for inspection and review.

2. WH Trading also has and will (to the extent it is necessary to supplement its September 8, 2015 production) provide to defense counsel copies of certain non-sensitive WH Trading Material that is not commingled with Sensitive WH Trading Material.

3. The inspection and review of Sensitive WH Trading Material will take place at a location of WH Trading's choosing, ("review location"). Defense counsel will make arrangements with WH Trading to review and inspect the material at the review location.

4. The Sensitive WH Trading Material may not be reviewed by any individuals, organizations or other entities, other than: (i) named members of the defense team (co-counsel, paralegal(s), and secretarial staff), with such named members being identified to WH Trading prior to the defense team's review of the materials; and (ii) experts retained to assist in the preparation of the defense, who have been approved by WH Trading, which approval shall not unreasonably be withheld. Defendant also is permitted to review the Sensitive WH Trading Material at the review location. Neither identified members of the defense team nor defendant may, **at any time**, take or possess any Sensitive WH Trading Material or copies of Sensitive WH Trading Material; *provided, however*, defendant's counsel, after providing notice to WH Trading's counsel, may make copies of Sensitive WH Trading Material for the *sole* purpose of filing the Sensitive WH Trading Material with papers to be served upon the Court or presenting

the Sensitive WH Trading Material to the trier of fact. Members of the defense team may take notes of the Sensitive WH Trading Material during their review at the review location, and may store the notes only at the defense team's office. Defendant may also take notes during his review of the Sensitive WH Trading Material at the review location ("Defendant Notes"); however, defendant shall give his Defendant Notes to his defense team prior to leaving the review location. Defendant may *not* possess any copies of his Defendant Notes outside of the review location or the defense teams' office; nor may defendant possess copies of defense counsel's notes outside of the review location or the defense teams' office. Upon conclusion of the trial and any appeals of this case or upon the earlier resolution of charges against the defendant, all Defendant Notes shall be destroyed by defendant's counsel. No person described in this paragraph shall have access to the Sensitive WH Trading Material until they have (a) been provided with a copy of this Order; and (b) certified that they have read, understand, and agree to the terms of this Order and have manifested their assent to be bound thereby, and to be subject to the jurisdiction of the Court for the purpose of proceedings relating to the performance under, compliance with, or violation of this Order, by signing a copy of the attached "Memorandum of Understanding of Protective Order in *United States v. David Newman*, 14 CR 704" (hereinafter "Memorandum").

5. If defense counsel wishes to show any Sensitive WH Trading Material provided by WH Trading to a witness or potential witness(es), they shall first ask WH Trading to agree to permit the witness to review the Sensitive WH Trading Material at the review location, as an exception to this Protective Order. In the event that WH Trading declines to agree to the review of a document to a witness or potential witness, the defendant may seek relief from these provisions as to a particular item of the WH Trading Material by making a motion for

such relief to the Court upon notice to WH Trading, which notice shall identify the particular person(s) and item(s) at issue. The motion shall be made under seal.

6. Any papers to be served upon the Court by either party which specifically set forth the contents of Sensitive WH Trading Material shall not be publicly filed (or otherwise disseminated) in the first instance. The party filing the papers shall either: (i) file such papers under seal and with an application indicating which portion the submitting party believes ought to be filed under seal and which portions ought to be made public and shall indicate an intention to file a set of papers so redacted five business days after service of the unredacted papers upon the Court and counsel. That party shall not file the redacted set of papers if such party received an application in opposition from the other party within those five business days and shall instead await a ruling of the Court, or (ii) await two full business days from hand service upon the Court's Chambers and the other party (or five full business days following service by mail) before publicly filing (or otherwise disseminating) the papers, in order to allow the other party the opportunity to apply for a protective order (or to apply for the sealing of such papers in whole or in part) if deemed necessary. In either event, if the party submitting the papers wishes to file the papers publicly after waiting the appropriate number of business days, that party shall speak to the opposing party prior to filing the papers publicly to make certain that the absence of objection has not resulted from the unavailability of counsel or other law office failure.

7. Any papers to be served upon the Court in response to papers served in conformity with the preceding paragraph shall either (i) be filed under seal with an application indicating which portion the submitting party believes ought to be filed under seal and which portions ought to be made public and shall indicate an intention to file a set of papers so redacted five business days after service of the unredacted papers upon the Court and counsel

and that party shall not file the redacted set of papers if such party receives an application in opposition from the other party within those five business days and shall instead await a ruling of the Court, or (ii) shall not be publicly filed (or otherwise disseminated) until two business days have elapsed from hand service upon the Court's Chambers and the other party (or five full business days following service by mail), in order to allow the other party the opportunity to apply for a protective order (or to apply for the sealing of such papers in whole or in part) if deemed necessary. In either event, if the party submitting the papers wishes to file the papers publicly after waiting the appropriate number of business days, that party shall speak to the opposing party prior to filing the papers publicly to make certain that the absence of objection has not resulted from the unavailability of counsel or other law office failure.

8. All of the WH Trading Materials provided by WH Trading in preparation for, or in connection with, any stage of the proceedings in this case, including Sensitive WH Trading Material and non-sensitive material, and any notes taken of any WH Trading Materials, are subject to this Protective Order, and may be used by defendant and defendant's counsel solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court. In addition to the restrictions placed on the Sensitive WH Trading Material, defendant and defendant's counsel shall not disclose the non-Sensitive WH Trading Material or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons") Potential witnesses and their counsel may be shown copies of the non-Sensitive WH Trading Material as necessary to prepare the defense, but may not retain copies without prior permission of the Court. The

materials and their contents shall not be disclosed either directly or indirectly to any person or entity outside of the United States without prior authorization from the Court.

9. None of the WH Trading Materials provided by WH Trading to the defense shall be disseminated to, or discussed with, the media. Nothing in this Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial or other proceeding.

11. Defendant and defendant's counsel shall not copy or reproduce any Sensitive WH Trading Material. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce any non-Sensitive WH Trading Material except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

12. Defendant and defendant's counsel shall not disclose any notes or records of any kind that they make in relation to the contents of any of the Sensitive WH Trading Material. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of any of the non-sensitive material, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

13. To the extent any material is produced by WH Trading to defendant or defendant's counsel by mistake, WH Trading shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted

from any location in which the material was stored. To the extent any such material is protected from disclosure under attorney-client privilege, attorney work product, or any other applicable privilege, such inadvertent production shall not constitute a waiver of any applicable privilege pursuant to Federal Rule of Evidence 502.

14. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of WH Trading Materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses specially identified sensitive information as described in Paragraph 2, above, shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

15. Nothing in this Order shall preclude WH Trading from seeking a further protective order pursuant to Rule 16(d) and Title 18, United States Code, Section 1835 as to particular items of the WH Trading Materials. Nothing in this Order shall preclude the defendants from moving to alter or dissolve the Protective Order in its entirety, as to any category of documents, or as to any particular document.

16. This Order may be amended at any time by agreement of all of the parties and with the Court's approval. Any amendment must be in writing and expressly state that it is an amendment to this Protective Order and be signed by all parties to be valid. If any party wishes to amend the Protective Order and an agreement cannot be reached by all parties, then the party may raise the issue by motion to the Court, which may amend the Protective Order as it sees fit.

17. Upon conclusion of the trial and any appeals of this case or upon the earlier resolution of charges against the defendant, all such discovery materials and all copies made thereof shall be returned to WH Trading or destroyed, unless otherwise ordered by the Court. All copies withheld by the defense must be done through an express order of this Court and shall be preserved only so long as is necessary for further proceedings related to this case, after which they shall be returned to WH Trading or destroyed. The Court shall require a certification as to the disposition of any such discovery materials.

ENTER:

_____
JOHN W. DARRAH
United States District Court Judge
Northern District of Illinois

Date: 9/30/2015

# MEMORANDUM OF UNDERSTANDING OF PROTECTIVE ORDER IN UNITED STATES v. DAVID JACOB NEWMAN, 14 CR 704

18. I understand that I may be the recipient of documents or shown documents that contain information that WH Trading has designated to be Sensitive WH Trading Material.

19. I understand and agree that I shall never divulge, publish or reveal, by word, conduct or other means, such restricted documents, or the information contained therein, unless specifically authorized in writing to do so by an authorized representative of WH Trading, or as otherwise ordered by the Court.

20. I understand and agree that "Sensitive WH Trading Material" may not be released to or discussed with any person other than those individuals identified in the Protective Order in this case that have completed and signed a Memorandum of Understanding of Protective Order in United States v. David Newman, 14 CR 704.

21. I understand and agree that this agreement will remain binding upon me after the conclusion of the proceedings in United States v. David Newman, 14 CR 704, and any subsequent related proceedings.

22. I agree that I do not work as a consultant, employee, officer, owner, or agent of a competitor to WH Trading, or one of its subsidiaries, or related entities.

23. I have received, read, understood and agree to the terms of the Protective Order entered by the United States District Court for the Northern District of Illinois in the above case, and hereby submit to the jurisdiction of that court for the purposes of enforcement of the terms of the Protective Order and the punishment of any violations thereof.

I declare under penalty of perjury under the laws of the United States the foregoing is true and correct.

Executed this _____ day of _____ at _____.

_____     _____
Printed Name  Signature